UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

STANLEY L. NIBLACK, et al.,         :
                                    :      Civil Action No. 09-3944 (JLL)
            Plaintiffs,             :
                                    :
        v.                          :      **OPINION**
                                    :
GEORGE HAYMAN,                      :
et al.,                             :
                                    :
            Defendants.             :

**APPEARANCES:**

Plaintiffs pro se
Stanley L. Niblack
Riley Walker
Eugene Wilson
Martin L. Rogers
Edward Alexander
Tyheshe Nazareth
Jamil Thompson
Carl Young
Vernon Brantley
Rashawn Vining
Septimus Mitchell
Lamont C. Crymes
Najee Marshall
Nate Barnes
Terrance T. Singleton
at
Northern State Prison
168 Frontage Road
Newark, NJ 07114

**LINARES**, District Judge

   Fifteen co-Plaintiffs, prisoners confined at Northern State Prison in Newark, New Jersey, at the time they submitted this Complaint, seek to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant

to 42 U.S.C. § 1983.[1] Plaintiffs name nineteen separate defendants.

Plaintiffs allege that seven defendants (George Hayman, Department of Corrections, Robert Paterson, Northern State Prison, Larry Glover, Bruce Sapp, and Eric Stokes) are liable for violations of their rights under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual conditions of confinement.[2]

Plaintiffs allege that three defendants (Megan Farrell, Mr. Shaw, and Eric Stokes) improperly classify prisoners, housing violent and non-violent offenders together. Plaintiffs also

---

[1] Seven Plaintiffs have submitted applications for leave to proceed in forma pauperis: (1) Stanley Niblack's application is deficient in that it does not include the required certified six-months institutional account statement, see 28 U.S.C. § 1915(a)(2); (2) Nathan Barnes's application is deficient in that it consists only of a certified six-months institutional account statement, and does not include any other affidavit with respect to his assets or liabilities; (3) Tyheshe Nazareth's application is deficient in that it does not include the required certified six-months institutional account statement; (4) Terrence Singleton's application appears to be complete; (5) Eugene Wilson's application appears to be complete; (6) Carl Young's application is deficient in that it does not include the required certified six-months institutional account statement; (7) Riley Walker's application appears to be complete.

[2] Plaintiffs allege that their conditions of confinement are violative of the Eighth Amendment in the following particulars, among others: inadequate laundry facilities, inadequate dining facilities, overcrowded conditions, inadequate ventilation, inadequate clothing for cold weather, inadequate heating and cooling, insect infestation, inadequate cleaning of the housing facilities, inadequate diet, inadequate sanitation products, inadequate attention to medical needs, etc.

allege that these defendants maintain inaccurate prisoner records, negatively affecting prisoners in their consideration for parole, classification, and other programs. The Court construes this as an attempt to state claims for deprivation of liberty without due process.

Plaintiffs allege that one defendant (Gail Gillespie) has deprived prisoners of adequate library access. The Court construes this as a claim that prisoners have been deprived of their constitutional right of access to the courts.

Plaintiffs allege that one defendant (Bruce Brooks) fails to adequately manage prisoner accounts. The Court construes this as an attempt to state a claim for deprivation of property without due process.

Plaintiffs allege that one defendant (Bruce Chen), the Ombudsman, does not adequately address their grievances.

Plaintiffs allege that one defendant (Peggy Brooks) improperly tampers with and/or destroys prisoner grievance forms.

Plaintiffs allege that three defendants (Ms. Jervis, William Owen, and The University of Medicine and Dentistry of New Jersey) fail to provide adequate medical care to prisoners.

Plaintiffs allege that four defendants (Yolette C. Ross, New Jersey State Parole Board, Jon Corzine, and the State of New Jersey) set and implement unfair or impermissible parole policies.

Plaintiffs seek declaratory and injunctive relief, and compensatory and punitive damages.

## ANALYSIS

A.   Request to Proceed as a Class Action

Plaintiffs seek leave to proceed as a class action:

> The plaintiff's and all other similarly situated prisoners at NSP, along with any other relevant or pertinent claims that apply to other prisoners in the State of New jersey are enjoined in this request for class action certification or status. Where our experiences share enough commonality to be considered as one lawsuit. We assert our right to relief jointly or severally with the occurrences that affect us all as similarly situated prisoners. As we are subjected to the claims herein as one and the conditions as noted within this complaint. The questions of law or fact is common to all plaintiff's and the prospective members of this class. It would be impractible for all the plaintiff's and members of this prospective class to file separate claims on the same subject matters stated herein and clog the courts calendar. As the claims are clearly of the representative parties and typical of the class. Where the questions of law or fact common to the class members predominate over any questions affecting any members individually and that this class action is superior to any other available methods for fairly and efficiently adjudicating this controversy.

(Complaint at unnumbered page 19.)

Pursuant to Rule 23(a) of the Federal Rules of Civil Procedure:

> (a)   One or more members of a class may sue or be sued as representative parties on behalf of all members <u>only if</u>:
> (1)   the class is so numerous that joinder of all members is impracticable;
> (2)   there are questions of law or fact common to the class;

4

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

(emphasis added). "The requirements of Rule 23(a) are meant to assure both that class action treatment is necessary and efficient and that it is fair to the absentees under the particular circumstances." Baby Neal by Kanter v. Casey, 43 F.3d 48, 55, 30 Fed.R.Serv.3d 1469 (3d Cir. 1994).

It is well established, however, that "a prisoner proceeding pro se may not seek relief on behalf of his fellow inmates." Alexander v. New Jersey State Parole Board, 160 Fed.Appx. 249, 249 n.1 (3d Cir. 2005) (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")). Thus, it would not be appropriate to permit these named Plaintiffs to proceed as representatives of a class.

In addition, an action may proceed as a class action under Rule 23 only if the other specified conditions of Rule 23(a) -- numerosity, commonality, and typicality -- are met.[3] The Third Circuit has previously held that the numerosity requirement will

---

[3] In addition, Plaintiffs must meet the requirements of Rule 23(b). Because Plaintiffs have not established their authority to proceed as representatives of a class under Rule 23(a), this Court need not at this time address the requirements of Rule 23(b).

5

generally be satisfied "if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40." Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir.2001).

> The "typicality" and "commonality" prerequisites of Rule 23 do not require that all of the putative class members share identical claims. These prerequisites mandate only that complainants' claims be common, and not in conflict. "Typicality entails an inquiry whether 'the named plaintiff's individual circumstances are markedly different or ... the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based.
>
> Rule 23 does not require that the representative plaintiff have endured precisely the same injuries that have been sustained by the class members, only that the harm complained of be common to the class, and that the named plaintiff demonstrate a personal interest or "threat of injury ... [that] is 'real and immediate,' not 'conjectural' or 'hypothetical.'"

Hassine v. Jeffes, 846 F.2d 169, 176-77, 10 Fed.R.Serv.3d 1380 (3d Cir. 1988) (citations omitted) (emphasis in original).

Plaintiffs here have failed to allege facts suggesting that they can meet these requirements. Although asserting in conclusory fashion that they meet these requirements, Plaintiffs have described the class members as "all other similarly situated prisoners at NSP, along with any other relevant or pertinent claims that apply to other prisons in the State of New Jersey." Plaintiffs make no factual assertions regarding the number of such "similarly situated" prisoners, nor regarding what facts make them "similarly situated." In addition, with the exception of the claim of unfair parole policies, Plaintiffs allege only

violations affecting conditions at Northern State Prison or actions by personnel who work at Northern State Prison; thus, these claims do not appear "relevant or pertinent" to other prisons in the State of New Jersey. Nor do the Plaintiffs here allege facts that would permit this Court to find that the Complaint satisfies the "typicality" and "commonality" requirements with respect to those claims.

By way of example, prisoners seeking to proceed as a class asserting a claim for denial of access to the courts must allege facts showing "widespread actual injury," Lewis v. Casey, 518 U.S. 343, 349 (1996), that is:

> Because Bounds[v. Smith, 430 U.S. 817 (1977),] did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," id., at 823, 97 S.Ct., at 1495 (internal quotation marks omitted), and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

Lewis v. Casey, 518 U.S. at 351. "[T]he injury requirement is not satisfied by just any type of frustrated legal claim," but is limited to cases involving a challenge to the prisoner's conviction or civil rights actions brought to vindicate basic constitutional rights. Id. at 354-55. Here, Plaintiffs have

7

alleged only inadequate access to the law library, and have failed to allege the type of widespread injury that would justify proceeding as a class action.

Finally, Plaintiffs here are attempting to assert, in shotgun fashion, claims that are not properly joined in one action, whether by one plaintiff or a class. See ¶ B, infra. For all the foregoing reasons, the request to proceed as class representatives will be denied.

B.   Joinder

The claims asserted here are not appropriate for joinder in one action.

Rule 18(a) controls the joinder of claims. In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20 of the Federal Rules of Civil Procedure provides the following regarding permissive joinder of parties:

>   (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>       (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>       (B) any question of law or fact common to all plaintiffs will arise in the action.
>   (2) Defendants. Persons ... may be joined in one action as defendants if:
>       (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

8

>            occurrence, or series of transactions or
>            occurrences; and
>       (B)  any question of law or fact common to all
>            defendants will arise in the action.

Fed.R.Civ.P. 20(a).

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy. Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), a plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all. If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1655 (3d ed. 2009).

In Hagan v. Rogers, 570 F.3d 146 (3d Cir. 2009), the Court of Appeals for the Third Circuit held that in forma pauperis

9

prisoners are not categorically barred from joining as plaintiffs under Rule 20 of the Federal Rules of Civil Procedure and further addressed certain considerations applicable to civil cases in which multiple prisoner plaintiffs seek to join in one action pursuant to Rule 20.

"In exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." Hagan, 570 F.3d at 157.

Here, Plaintiffs have failed to assert any single claim against all defendants. Thus, the requirements for joinder of multiple defendants as to even one claim have not been met. Plaintiffs cannot join, in a single action, the multiple unrelated claims asserted here against seven different subsets of defendants.

In addition, where the entire $350 filing fee has not been prepaid, the full $350 filing fee must be assessed against **each in forma pauperis** prisoner co-plaintiff permitted to join under Rule 20, as though each such prisoner were proceeding individually. Hagan, 570 F.3d at 150. Where multiple co-plaintiffs seek to proceed in forma pauperis, each must submit a

complete application, accompanied by the required certified six-months institutional account statement.[4]

---

[4] Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id. See also Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

Here, as an initial matter, the $350 filing fee was not prepaid. As noted previously, only seven co-Plaintiffs applied for leave to proceed *in forma pauperis*; of those seven applications, only three appear to be complete. As the Plaintiffs have failed to meet the filing fee requirements, all applications for leave to proceed *in forma pauperis* will be denied without prejudice. If Plaintiffs move to re-open this action, or if any Plaintiff chooses to assert his claims in a new separate action, they may file new applications for leave to proceed *in forma pauperis*.

Finally, Rule 21 of the Federal Rules of Civil Procedure provides that, "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." As the Court of Appeals in *Hagan* provided new guidelines regarding the procedures applicable to cases in which multiple pro se prisoner plaintiffs seek to proceed jointly, it would not be just, at this time, to sever the improperly joined claims. Instead, Plaintiffs will be given the opportunity to either (1) move to re-open this action, complying with the rules applicable to joinder of claims and parties,

---

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

12

including the filing fee requirements, or (2) file new and separate actions asserting their individual claims.

## CONCLUSION

For the reasons set forth above, all pending applications for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the complaint or assessing a filing fee.  Plaintiffs will be granted leave to move to re-open, or to file their own individual complaints, within 30 days.[5]  Any future joint amended complaint or individual complaint must comply with the rules for asserting multiple claims by or against multiple parties.

An appropriate Order will be entered.

Jose L. Linares
United States District Judge

Dated:

3/9/10

---

[5] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).